UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEWIS CARL WYCHE,

    Plaintiff,

v.                                                                                Case No.: 6:12-cv-1903-Orl-37KRS

STATE ATTORNEY,
LAWSON LAMAR,

    Defendant.

## ORDER

This case is before the Court on Defendant State Attorney Lawson Lamar's Motion to Dismiss the Complaint (Doc. No. 15) and Plaintiff's Response in Opposition to the Motion to Dismiss (Doc. No. 20). As discussed hereinafter, Defendant's Motion to Dismiss is granted.

**I.**     *Factual Background*[1]

Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his Fourteenth Amendment right to due process by refusing to release DNA evidence for testing. (Doc. No. 1 at 8.) Plaintiff was convicted in 1977 of sexual battery with great force and kidnapping and sentenced to two

---

[1] The following statement of the facts is derived from Plaintiff's Complaint (Doc. No. 1), the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

concurrent terms of life in prison.  *Id*.  Plaintiff requests the Court to order Defendant to perform DNA testing on the victim's pants and underwear, a blanket, and oral, rectal, and vaginal swabs from the victim, which were presented at trial.  *Id*. at 10.

In support of his complaint, Plaintiff asserts that in 2002 he filed a motion for DNA testing pursuant to Florida Rule of Criminal Procedure 3.853.  *Id.* at 8-9.  The state court denied the motion, and the Fifth District Court of Appeal of Florida affirmed the denial *per curiam*.  *Id*. at 9; *see also Wyche v. State*, 821 So. 2d 1083 (Fla. 5th DCA 2002).  Plaintiff subsequently filed a federal habeas petition, which was denied on February 25, 2004.  *Wyche v. Crosby*, No. 6:03-cv-63-Orl-31, Doc. No. 46.  The Eleventh Circuit Court of Appeals denied Plaintiff a certificate of appealabity.  *Id*. at Doc. No. 55.  In 2010, Plaintiff filed a second post-conviction motion for DNA testing in the state court pursuant to Section 925.11, Florida Statutes.  (Doc. No. 1 at 9.)  Plaintiff alleged in the motion that the DNA evidence was not previously tested for DNA comparison, he was innocent, and the DNA evidence would exonerate him of the offenses for which he was convicted.  *Id.* The state court denied the motion, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.  *Id*.; *see also Wyche v. State*, 56 So. 3d 785 (Fla. 5th DCA 2011).

II.   *Standard for Motion to Dismiss*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  A complaint must contain a short and plain

statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Twombly*, 550 U.S. at 563.

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

*III. Analysis*

Defendant argues *inter alia* that the complaint should be dismissed because Plaintiff's claims are foreclosed by precedent of the Supreme Court of the United States

3

and the Eleventh Circuit Court of Appeals. In response, Plaintiff contends that he is not challenging the prosecutor's conduct or the decisions of the state court but instead is challenging the constitutionality of Florida's DNA statute. (Doc. No. 20 at 6-8.)

Plaintiff does not indicate in his complaint or his response to the motion to dismiss whether he is asserting a substantive or procedural due process violation. The Court, therefore, assumes that Plaintiff intends to allege a violation of both types of due process.

In his response to the motion to dismiss, Plaintiff relies on *Skinner v. Switzer*, 131 S. Ct. 1289 (2011). In *Skinner*, the Court held that a claim for violation of due process based on the denial of post-conviction DNA access may be raised in an action under 42 U.S.C. § 1983. 131 S. Ct. at 1298-99. Nevertheless, *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52 (2009) and *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257 (11th Cir. 2012) are dispositive in this case.

With respect to a substantive due process claim, the Supreme Court of the United States has held that there is no substantive due process post-conviction right to obtain evidence for DNA testing. *See Osborne*, 557 U.S. at 72-74. Likewise, to the extent Plaintiff is asserting that the state court's application of Rule 3.853 and Section 925.11, Florida Statutes to him resulted in an as-applied procedural due process violation, this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine[2] over

---

[2] "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez*, 679 F.3d at 1262 (citing *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009)).

such claim. *See Alvarez*, 679 F.3d at 1264 (holding "to the extent Alvarez has alleged a violation of procedural due process because of the way the Florida state courts applied Florida's DNA access procedures to the facts of his case, *Rooker-Feldman* barred the court from exercising subject-matter jurisdiction over the claim.").

Moreover, the Eleventh Circuit has determined that "Florida's post-conviction DNA access procedures plainly do not offend any principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, nor do they transgress any recognized principle of fundamental fairness in operation." *Alvarez*, 679 F.3d at 1266 n.2. In determining that Florida's post-conviction DNA procedures do not violate procedural due process because they are not facially unconstitutional, the Court reasoned that Florida's DNA procedures are more favorable to a petitioner seeking post-conviction DNA access than the federal and Alaska statutes, "both of which the Supreme Court endorsed in *Osborne*." *Id*. Thus, Plaintiff's challenge to the facial constitutionality of Florida's post-conviction DNA access procedures is without merit.

Finally, this Court notes that Plaintiff sought post-conviction DNA testing under Rule 3.853 and Section 925.11, Florida Statutes and identified the items he wanted tested. Plaintiff, however, failed to indicate in this action how the DNA testing would exonerate him of the offenses or mitigate his sentences.[3] Consequently, Plaintiff has not

---

[3] In denying Plaintiff's 2002 Rule 3.853 motion, the state court noted that Plaintiff alleged that the semen samples from the victim were "the result of consensual sex between the victim and co-defendants Robert Lee Grady, Stanley Roberts, and Victor Morris, and that

5

established a due process violation because he has not shown that the State precluded him from presenting any underlying constitutional claim. *See Alarvez*, 679 F.3d at 1265–66 ("Finally, Alvarez argues that the State, by denying him *access* to the physical evidence, has effectively deprived him of the opportunity to litigate his claim, in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments. . . . Alvarez has pointed us to no underlying cause of action that he was prevented from lodging in a court of law. . . . Thus, he has failed to establish in support of his access to courts claim the necessary prerequisite of an 'actual injury.'") (emphasis in original).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendant State Attorney Lawson Lamar's Motion to Dismiss the Complaint (Doc. No. 15) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment and to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 8th day of January, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:

---

he never had sex with the victim." *Wyche*, No. 6:03-cv-63-Orl-31, Doc. No. 34 at 4. The state court determined, however, that "[e]ven if [Plaintiff's] DNA was not found in the sample, this result would not exonerate him, because it could not conclusively establish that he was not at the scene and did not participate in the commission of the crimes." *Id.*

OrlP-1 1/8
Lewis Carl Wyche
Counsel of Record